B104 (FORM 104) (08/07)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS**
Herbert J and Julia K. Holman

**DEFENDANTS** Meritage Mortgage Loan Trust 2004-2, Meritage Mortgage Corporation, an Oregon Corp., TriStar Financial Group, LLC and Saxon Mortgage Services, Inc.

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Law Offices of Eric K. Fox, PLLC
103 Hazel Path Ct., Suite 6, Hendersonville TN 37075
(615)264-5695

**ATTORNEYS** (If Known)
Mark A. Baker with Johnson & Freedman, LLC
1587 Northeast Expressway, Atlanta GA 30529
(770) 234-9181 ext. 1404 (Meritage & Saxon only)

**PARTY** (Check One Box Only)
☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor  ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor  ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Violation of the Tennessee Consumer Protection Act, Truth in Lending Act, the Fair Credit Reporting Act, Respa, and Breach of Fiduciary Duty. Unjust Enrichment, Breach of Contract and Covenant of Good Faith Dealings.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other **(1)**

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property **(2)**

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other **(3)**

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment **(4)**

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☒ Check if this case involves a substantive issue of state law
☒ Check if a jury trial is demanded in complaint

☐ Check if this is asserted to be a class action under FRCP 23

Demand $850,000.00

Other Relief Sought

---

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>Herbert J. and Julia K. Holman | BANKRUPTCY CASE NO.<br>07-00416 |
| DISTRICT IN WHICH CASE IS PENDING<br>The Middle District of Tennessee | DIVISION OFFICE<br>Nashville |
| | NAME OF JUDGE<br>Keith M. Lundin |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*Eric Fox*                *Larry Crain w/ permission EF 2/23/09*

DATE
2/23/09

PRINT NAME OF ATTORNEY (OR PLAINTIFF)
Eric Fox

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

In Re: Herbert J. and Julia K. Holman, ) CASE NO. 07-00416
) CHAPTER 7
) JUDGE KEITH M. LUNDIN

Herbert J. and Julia K. Holman, )
) Adversary Case No.
Plaintiffs, )
)
) VERIFIED COMPLAINT: VIOLATION
) OF THE TENNESSEE CONSUMER
vs. ) PROTECTION ACT, TRUTH IN LEND-
) ING ACT, THE FAIR CREDIT REPORT-
) ING ACT, RESPA, BREACH OF FIDU-
Meritage Mortgage Corporation, an Oregon ) CIARY DUTY, UNJUST ENRICHMENT,
Corp., Meritage Mortgage Loan Trust 2004-2, ) BREACH OF CONTRACT AND COVE-
Tri Star Financial Group, LLC and Saxon ) NANT OF GOOD FAITH DEALINGS.
Mortgage Services, Inc., )
) INJUNCTIVE RELIEF/DAMAGES RE-
Defendants. ) QUESTED
)
) JURY TRIAL REQUESTED

COMES NOW Plaintiffs for their causes of action against Defendants and states as follows:

## I. PARTIES

1.1  Plaintiffs, Herbert J. and Julia K. Holman, (hereafter "Plaintiffs") are of majority age and are residents of Tennessee residing in their home, which is the subject of this lawsuit at, 102 Sunset Place, Portland, TN 37148.

1.2  Defendant, Meritage Mortgage Corporation, an Oregon Corp., (hereinafter "Meritage or Defendant") is a corporation doing business in the State of Tennessee. At all times relevant hereto Defendant Meritage originated, owned and/or serviced the Plaintiffs' mortgage loan.

COMPLAINT FOR DAMAGES                Page 1 of 14

Meritage's principal place of business is located at, 6000 Southwest Meadows Road, Suite 500, Lake Oswego, OR 97035. Defendant Meritage Mortgage Loan Trust 2004-2 has made an appearance in related proceedings of this bankruptcy case through attorney Mark Baker (See paragraph 1.5 below).

1.3    Defendant, Tri Star Financial Group, LLC, 411 Hwy 76, White House, TN 37188, (herein after "Tri Star or Defendant"), is doing business in the state of Tennessee. At all times relevant hereto Defendant Tri Star was the broker of Plaintiffs' mortgage loan. Tri Star's registered agent is Donald L. Eden II, 411 Hwy 76, White House, TN 37188.

1.4    Defendant, Saxon Mortgage Services, Inc., 4708 Mercantile Drive North, Forth Worth, TX 76137-3605, (hereinafter "Saxon or Defendant") is a corporation doing business in the State of Tennessee. At all times relevant hereto Defendant Saxon owned and/or serviced the Plaintiffs' mortgage loan. Saxon's principal place of business is located at, 4708 Mercantile Drive North, Forth Worth, TX 76137-3605.

1.5    Defendant, Meritage Mortgage Loan Trust 2004-2 is the current assignee of this loan according to the Plaintiff's best knowledge, information and belief. Said Defendant is a Trust with Deutsche Bank National Trust Company appearing in this case as said Defendant's Trustee "by and through its servicer, Saxon Mortgage Services." Plaintiff is not aware of the registered agent for service upon such Trustee, but requests service be made upon the Attorney for said Trustee, Mark A. Baker, Attorney for Creditor, Johnson & Freedman, LLC, 1587 Northeast Expressway, Atlanta, GA 30329, and via ECF according to the Court's ECF filing system. If Mr. Baker cannot accept service of process in this matter, Plaintiffs request said attorney provide a

COMPLAINT FOR DAMAGES                             Page 2 of 14

correct address for the agent for service of process and Plaintiffs will request the re-issuance of Summons by the Court Clerk.

## II.
## JURISDICTION

2.1     This Court has jurisdiction over the parties and subject matter herein, including Tennessee state law claims, because the subject property is located in the State of Tennessee Middle District and this is a core proceeding under Federal Rules of Bankruptcy Procedure 7008(a).

2.2     This Court has jurisdiction pursuant to 15 USC §1601 et. seq. and 15 USC §1640(e), as well as 28 USC §1331 and 28 USC §1334(b).

## III.
## FACTS

3.1     The Plaintiffs are homeowners in the State of Tennessee, residing in their home at 102 Sunset Place, Portland, TN 37148.

3.2     On or about May 1st, 2004, Plaintiffs applied for a fixed rate mortgage with Tri Star, in order to in order to purchase the residence in which the Plaintiffs resides.

3.3     On or about June 15th, 2004, the Plaintiffs closed on the mortgage complained of herein. Complete loan documents are attached hereto as Exhibit "A" and given loan number 1000173292.

3.4     On or about June 15th, 2004, when Plaintiffs closed on this mortgage, there were a number of discrepancies within the loan disclosure documents and the note of which the Plain-

tiffs were unaware, but were later disclosed to them in an audit of this loan transaction. (See Exhibit "B")

3.5 No early disclosures were given to the Plaintiffs.

3.6 No proper Final TIL was given at the closing in violation of 12 CFR 226.17 and 18. Before during or after the closing Tri Star entered into a contract with the Plaintiffs alleging they owed a Broker processing fee in the amount of $908.00; this broker processing fee was not included in the APR.

3.7 No Preliminary disclosure of Yield Spread Premium (YSP) was given in the amount of $1470.00. The YSP is completely hidden in the interest rate and went undisclosed. Material violation 12 CFR 226.4(a), 226.17 and 18(d) and (c)(1)(iii). This YSP raised the interest rate by an unknown percentage. The YSP was concealed in the HUD-1.

3.8 No early TILA disclosures were given as required by 12 CFR §226.17(b) and 226.19(a); the Plaintiffs received no TILA disclosures at all.

3.9 At all times relevant hereto, Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction, which is the subject of this action was initially payable, making Defendants a creditor within the meaning of TIL, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

3.10 The transaction extended consumer credit which was subject to a finance charge and which was initially payable to Defendants.

3.11 True and accurate copies of the credit agreement evidencing the transaction is attached hereto, marked "EXHIBIT A", and by this reference are incorporated herein.

COMPLAINT FOR DAMAGES Page 4 of 14

3.12  As part of this consumer credit transaction, Defendants retained a security interest in the Plaintiffs' principal dwelling.

3.13  Before the settlement date, Defendant did not provide to Plaintiffs: the early disclosures required by Truth In Lending Act (TILA) at 12 CFR 226.17 and 18, or any other preliminary disclosures as required by RESPA at 24 C.F.R. §§ 3500.6 and 3500.7, (commonly known as the Good Faith Estimate). The preliminary disclosures were not provided to the Plaintiffs until closing. The preliminary disclosures provided at closing were not the closing documents used to close the loan complained of herein.

3.14  On or around October 1, 2008 the Plaintiffs received from the closing agent docs explaining that a debt, which was supposed to be paid off at closing from proceeds of the loan, was not in fact paid.

3.15  Either before, during and/or after the settlement date, Defendant failed and/or refused to provide Plaintiffs with true and accurate copies of important documents, including but not limited to, copies of the TILD disclosure, Notice of Right to Cancel disclosures ("ROR"), two copies thereof.

3.16  Defendants intentionally failed and/or refused to provide Plaintiffs with various disclosures that would indicate to Plaintiffs that the contract entered into is void, illegal and predatory in nature, such as an accurate Truth in Lending Disclosure (TILD) as required by 12 CFR §226.17 and 18 disclosing the sub-prime adjustable rate mortgage program the Plaintiffs were given at the closing.

3.17  The Plaintiffs were not given an accurate Good Faith Estimate ("GFE") or Itemization of Amount Financed ("IOAF") before loan closing as required by 12 CFR §226.17(c),

COMPLAINT FOR DAMAGES                Page 5 of 14

which would have disclosed the cost of the loan in a dollar amount as required by 12 CFR §226.4, §226.17 and 18.

3.18 Defendants were under legal obligation as a fiduciary, and had the responsibility of overseeing the consummation of this loan and the proper execution of all documents supporting this loan transaction. This duty included making sure that the Plaintiffs received all federally mandated documentation and material disclosures under TILA and RESPA, both before and after the transaction. Plaintiffs relied upon Defendant's expertise in entering into this transaction.

3.19 Following the execution of this loan, Defendants engaged in a pattern and practice of defrauding and/or deliberately misleading the Plaintiffs. Specifically, during the entire life of the loan, Defendants failed to properly credit payments made by the Plaintiffs, miscalculated interest on the account, due to the undisclosed YSP and inaccurate APR. Defendants knew, or in the exercise of reasonable care should have known, that the account statements were not accurate and that Plaintiffs would make further payments based on these statements. Plaintiffs relied on these account statements and paid them and incurred additional interest as a result. In addition, Defendants used these inaccurate accounts to determine the amount owed for the purpose of foreclosure.

3.20 The facial violations of the TILA are transferable to any assignee lender who has purchased this loan.

3.21 All causes of action are defenses in recoupment due to the nature of the Plaintiffs (Debtors) being forced into filing the present bankruptcy case.

IV.

## UNFAIR AND DECEPTIVE TRADE PRACTICES (Tennessee Consumer Protection Act, T.C.A. Section 47-18-104 et. seq.)

4.1 Plaintiffs repeat and re-allege each and every item and allegation above as if fully and completely set forth herein.

4.2 All of the Defendants have engaged in a pattern of unfair practices mentioned in the facts above in violation of the Tennessee Consumer Protection Act, T.C.A. Section 47-18-104 et. seq. entitling Plaintiffs to void the contract, damages, treble damages and reasonable attorney fees and costs pursuant to statute.

4.3 Defendant, Tri Star failed to give a brokers contract in the time prescribed by law, and failed in his fiduciary duty by inducing Plaintiffs into a foreclosure to induce Plaintiffs into a transaction that did not include the disclosure of the YSP and broker processing fees.

4.4 Defendant Meritage failed to give the proper early and closing disclosures under the TILA thereby violating consumer protection laws.

4.5 The Defendants failed to give the Plaintiffs proper disclosure of the loan.

4.6 Plaintiffs allege that all of the Defendants' actions and inactions have impaired and damaged Plaintiffs credit, entitling Plaintiffs to damages to be proven at the time of trial.

V.

## VIOLATION OF THE TRUTH IN LENDING ACT

COMPLAINT FOR DAMAGES			Page 7 of 14

5.1 Plaintiffs repeat and re-allege each and every item and allegation above as if fully and completely set forth herein.

5.2 The property which is the subject of this loan has been the Plaintiffs' principal residence for a number of years. The Defendants sold Plaintiffs a Consumer Adjustable Rate Mortgage ("ARM") loan product, which was subject to the TILA.

5.3 All of the Defendants have engaged in a pattern of unfair and deceptive practices in violation of the Truth In Lending Act ("TILA"), 15 USC §1601 et seq., 15 USC §1635(a), (b) and (g), in that, no early TILA disclosures were given to Plaintiffs, which triggers the Plaintiffs rights in recoupment and equitable tolling. No accurate Material Disclosures were given as required by Regulation Z at 12 CFR 226.17 and 18, entitling Plaintiffs to damages under 15 USC §1640(a) et seq., of actual damages, twice the finance charge, and reasonable attorney fees and costs pursuant to statute.

5.4 The facial violations are detailed as follows:

(a) No accurate preliminary disclosures were given as required by 12 CFR §226.4, §226.17 and §226.18;

(b) The "TILD" at the APR box is inaccurate due to the improper calculation of prepaid finance charges, i.e. the exclusion of the broker processing fees;

(e) The Defendants did not give a dollar amount early disclosure of the YSP;

(f) Defendant, Meritage gave no disclosures or proper disclosure of the loan.

5.5 The violations are ongoing and are facial in nature and are applicable to the Assignee Defendant(s) hereto.

## VI.

## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)

6.1 Plaintiffs repeat and re-allege each and every item and allegation above as if fully and completely set forth herein.

6.2 The Defendants charged an illegal kickback in the amount $1470.00 and with no benefit and disclosure to the Plaintiffs in violation of 12 USCA. §2607.

6.3 Plaintiffs are entitled to treble the amount of the extra interest paid by them and caused by the undisclosed YSP as well as treble the amount of the YSP itself, together with costs and reasonable attorneys fees pursuant to 12 USC §2607 et seq.

## VII.

## BREACH OF CONTRACT, COVENANT OF GOOD FAITH DEALINGS

7.1 Plaintiffs repeat and re-allege each and every item and allegation above as if fully and completely set forth herein.

7.2 Plaintiffs have been under severe stress due to the risk of foreclosure of their home and the failure of the Defendants of giving a proper type of loan, failure to give proper disclosure, and causing the Plaintiffs damages there from. The Defendants have failed to properly access interest on the loan.

7.3 As a result of all of the Defendants' negligence in failing to do good faith dealings, failing to give proper disclosure as outlined above, and causing the loan to be foreclosed, Defendants have breach the contract. There was no meeting of the minds.

7.4 Plaintiffs have suffered injury including damages for pain and suffering and emotional distress. The injuries are continuing in nature.

7.5 The amount of Plaintiffs' damages is currently unknown and will be established at time of trial.

## VIII.

## UNJUST ENRICHMENT

8.1 Plaintiffs repeat and re-allege each and every item and allegation above as if fully and completely set forth herein.

8.2 The Defendants and their agents have an implied contract with the Plaintiffs to ensure the interest calculated on the loan would be accurate. In that un-disclosed to the Plaintiffs there was a YSP paid to the loan broker with no early disclosure as required by both federal and state law as enumerated above. The YSP raised the Plaintiffs' interest rate without the ramifications of the YSP disclosed to the Plaintiffs.

8.3 The Defendants cannot in good conscious keep the benefits from their actions.

8.4 The Defendants have been unjustly enriched at the expense of the Plaintiffs and considering the circumstances allowing the Defendants to maintain the benefit would be contrary to the rules of equity.

8.5 Plaintiffs demand the following restitution from the Defendants: Actual and Exemplary damages; and reasonable attorney's fees.

## IX.

## RELIEF SOUGHT

Wherefore, having set forth various causes of action against Defendants, Plaintiffs prays for the following relief:

1. That the foreclosure or attempted foreclosure be deemed illegal and void and the same be enjoined;

1.5. That this case be combined with related motion for relief from stay and debtors Objection to claims;

1.75. That all defendants in this cause be served this complaint with attachments and summons by the Court Clerk;

2. That the transaction be deemed void as result of the Defendants breach;

3. That judgment be entered against all of the Defendants awarding Plaintiffs damages in an amount to be proven at the time of trial but in excess of $50,000;

4. That the actions of all of the Defendants be determined to be unfair and deceptive business practices in violation of Tennessee Law and that this Court award all such relief to Plaintiffs as they may be entitled to, including treble damages and an award of costs and attorney's fees;

5. That the Plaintiffs be awarded $5,000.00 statutory penalty for the violations of the Truth In Lending Act as amended by HR 3221;

6. That the Plaintiffs be awarded consequential damages, including attorney's fees incurred to bring this action, in an amount to be fully proved at the time of trial but in excess of $50,000;

COMPLAINT FOR DAMAGES         Page 11 of 14

7. That the Plaintiffs be awarded their fees and costs pursuant to the written loan agreements which bind the Defendants; and

8. That the Court award Plaintiffs all relief to which they are entitled under the RESPA, including an award of punitive damages against the Defendants, for willful violations of the RESPA; and

9. That the Court award treble damages for the Defendants being unjustly enriched in an amount to be proven at the time of trial but in excess of $25,000; and

10. That the Court award treble damages to the Plaintiffs for Defendants violations of the Tennessee Consumer Protection Act, T.C.A. Section 47-18-109; and

11. That the Court award such other relief as it deems just and proper.

## XI.

## RIGHT TO AMEND

Plaintiffs reserve the right to amend this Complaint, asserting other facts and causes of action after further investigation and discovery.

Respectfully Submitted,
/s/ Eric K. Fox
Eric K. Fox, Attorney for Plaintiffs
TN Bar ID 022087
Law Office of Eric K. Fox, PLLC
103 Hazel Path Ct.
Hendersonville, TN 37075
phone: 615-264-5695
Fax: 615-264-5655

COMPLAINT FOR DAMAGES             Page 12 of 14

Case 3:09-ap-00060    Doc 1    Filed 02/23/09    Entered 02/23/09 15:38:14    Desc Main
Document    Page 14 of 16

erickfox@bellsouth.net


/s/ Larry L. Crain
Larry L. Crain, attorney for Plaintiffs
TN Bar ID 9040
Brentwood Law Offices
Gardner Building
5214 Maryland Way, Suite 402
Brentwood, TN 37027
Phone: 615-376-2600
Fax: 615-345-6009
lcrain@brentwoodlaw.com

## AFFIDAVIT

STATE OF TENNESSEE

COUNTY OF SUMNER

This above complaint was verified and signed by the aforementioned Plaintiffs according to their best knowledge, information and belief on this day under the pains and penalties of perjury.

DATED this 23rd day of February, 2009.

/s/ Herbert J. Holman
Herbert J. Holman

/s/ Julia K. Holman
Julia K. Holman

Notary:

I certify that I know or have satisfactory evidence that Herbert J. and Julia K. Holman are the person(s) who appeared before me, and said person(s) acknowledged that he/she signed this instrument and acknowledged it to be his/her free and voluntary act for the uses and purposes mentioned in the instrument.

/s/ Eric K. Fox
Notary: Eric K. Fox

My commission Expires: 9/19/2011

COMPLAINT FOR DAMAGES                    Page 14 of 14